1 SANDEEP SETH (SBN 195914)
2 *ss@sethlaw.com*
  SETHLAW PLLC
  Pennzoil Place
3 700 Milam Street, Suite 1300
  Houston, Texas 77002
4 Telephone No.: (713) 244-5017
  Facsimile No.: (713) 244-5018
5

6 Attorneys for Defendants
  GLOBAL INSTITUTE OF STEM CELL THERAPY AND RESEARCH, USA,
7 GIOSTAR LABS, INC., ANAND SRIVASTAVA, M.S., PH.D., DEVEN PATEL,
  SIDDHARTH BHAVSAR and SCOTT KIRKPATRICK
8

9              IN THE UNITED STATES DISTRICT COURT

10        FOR THE SOUTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12 CHRISTINA MENDEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GLOBAL INSTITUTE OF STEM CELL THERAPY AND RESEARCH, USA, a California corp.; GIOSTAR LABS, INC., a California corp.; ANAND SRIVASTAVA, M.S., PH.D, an Individual; DEVEN PATEL, an Individual; SIDDHARTH BHAVSAR, an Individual; and SCOTT KIRKPATRICK, an Individual;<br><br>Defendant. | **CASE NO. 20CV00915-CAB-BLM**<br><br>**MEMORADUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**<br><br>[Memorandum of Points and Authorities in Support of Motion to Dismiss, Declarations of Dr. Anand Srivastava, Deven Patel, Scott Kirkpatrick, Siddharth Bhavsar and Proposed Order Filed Concurrently Herewith]<br><br>**Hearing Date:    October 12, 2020**<br>**Ctrm.:              4B, 4th Floor**<br>**Judge:             Hon. Cynthia A. Bashant**<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**<br><br>Complaint Filed:  May 15, 2020<br>First Amended Complaint Filed:  July 27, 2020 |

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION .................................................................................1

II.  PROCEDURAL HISTORY .................................................................4

III. FACTUAL BACKGROUND ..............................................................4

IV.  ARGUMENT .......................................................................................7

   A. Legal Standard ................................................................................7

   B. Plaintiff Lacks Standing .................................................................9

      1.  Plaintiff's CLRA, UCL, and FAL Claims Fail for Lack of Standing...............9

      2.  All of Plaintiff's Claims Fail for Lack of Standing...........................9

   C. Plaintiff Fails To Satisfy Mandatory Pleading Requirements.............................10

      1.  The FAC Allegations Regarding the Giostar USA Website Do Not Comply With *Twombly* and *Iqbal* .................................................................10

      2.  The FAC Allegations Regarding Other Alleged Fraudulent Statements Do Not Comply With Twombly and Iqbal.................................................................12

V.   THE FAC FAILS TO STATE A CERTIFIABLE CLASS..................................14

VI.  THE COURT SHOULD DIREGARD OR STRIKE SCANDALOUS MATTER 18

VII. GIOSTAR LABS, INC., SCOTT KIRKPATRICK AND SIDDHARTH BHAVSAR SHOULD BE DISMISSED .........................................................19

VIII. PLAINTIFF'S CLAIMS FOR VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION AND FALSE ADVERTISING LAWS FAIL.........................20

IX.  PLAINTIFF'S CLAIMS FOR VIOLATION OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT FAIL.................................................21

X.   PLAINTIFF'S CLAIMS FOR BREACH OF EXPRESS WARRANTY FAIL.22

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

XI.    PLAINTIFF'S CLAIMS FOR QUASI-CONTRACT FAIL .............................22

XII.    PLAINTIFF'S CLAIMS FOR BREACH OF FIDUCIARY DUTY FAIL .......23

XIII.    PLAINTIFF'S CLAIMS FOR FRAUDULENT CONCEALMENT FAIL ......23

XIV.    PLAINTIFF'S CLAIMS FOR INTENTIONAL & NEGLIGENT
MISREPRESENTATION FAIL.......................................................................24

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*AFMS LLC v. United Parcel Serv. Co.*,
105 F. Supp. 3d 1061, 1070 (C.D. Cal. 2015) ............................................19

*Am. Express Co. v. Italian Colors Rest.*,
133 S. Ct. 2304, 2310 (2013).....................................................................15

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591, 625-26, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997) ............9

*Appel v. Bos. Nat'l Title Agency, LLC*,
2020 U.S. Dist. LEXIS 101692 ............................................................24, 25

*Ashcroft v. Iqbal*,
556 U.S. 662, 679 (2009)..............................................................8, 10, 11

*Balistreri v. Pacifica Police Dep't*,
901 F.2d 696, 699 (9th Cir. 1990) .............................................................7

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ...........2, 8, 10, 11

*Blantz v. Cal. Dep't of Corr. & Rehab.*,
727 F.3d 917 (9th Cir. 2013) .....................................................................2

*Boschma v. Home Loan Center, Inc.*
(2011) 198 Cal.App.4th 230, 248 [129 Cal.Rptr.3d 874].........................24

*Bower v. AT & T Mobili*ty, LLC,
196 Cal. App. 4th 1545, 1554-56, 127 Cal. Rptr. 3d 569, 578 (2011) ......................10

*Buckland v. Threshold Enterprises, Ltd.*,
155 Cal. App. 4th 798, 819, (2007) ..........................................................20

*Carone v. Whalen*,
121 F.R.D. 231, 233 (M.D. Pa. 1988) ......................................................19

*Cattie v. Wal-Mart Stores, Inc.*,
  504 F. Supp. 2d 939, 951 (S.D. Cal. 2007) ...................................................9

*Churchill Village, LLC v. Gen. Elec. Co.*,
  169 F.Supp.2d 1119, 1126-27 (N.D. Cal. 2000) .........................................9

*Cisco Sys., Inc. v. STMicroelectronics, Inc.*,
  77 F. Supp. 3d 887, 897 (N.D. Cal. 2014) ..................................................24

*Comcast Corp. v. Behrend*,
  133 S. Ct. 1426, 1432 (2013)......................................................................15

*Delphix Corp. v. Actifio, Inc.*,
  2014 U.S. Dist. LEXIS 132310, *5 (N.D. Cal. Mar. 19, 2014) ...................2

*Donnelly v. Commonwealth Fin. Sys., Inc.*,
  2008 WL. 762085, at *4 (M.D. Pa. Mar. 20, 2008) ...................................18

*Ebeid ex rel. United States v. Lungwitz*,
  616 F.3d 993, 998 (9th Cir. 2010) ................................................................8

*Fantasy, Inc. v. Fogerty*,
  984 F.2d 1524, 1527 (9th Cir. 1993) ..........................................................14

*Forman v. Data Transfer*,
  164 F.R.D. 400, 404 (E.D. Pa. 1995)..........................................................17

*Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,
  459 U.S. 519, 526 (1983)..............................................................................9

*Gen. Tel. Co. of the Southwest v. Falcon*,
  457 U.S. 147, 160 (1982)............................................................................14

*Habibi v. Barr*,
  2020 U.S.Dist. LEXIS 77482 *15 (S.D.CA 2020)....................................19

*Higgins v. Shenango Pottery Co.*,
  99 F.Supp. 522, 525 (W.D. Pa.1951)..........................................................18

*Kaldenbach v. Mutual of Omaha Life Ins. Co.*,
  178 Cal.App.4th 830, 850 (Ct.App.2009) ..................................................24

*Kamm v. Cal. City Dev. Co.*,
   509 F.2d 205 (9th Cir. 1975) ...................................................................14

*Knox v. Dean*,
   205 Cal.App.4th 417, 432–433, 140 Cal.Rptr.3d 569 (2012) .....................23

*Korman v. Trusthouse Forte PLC*,
   Civ. A. No. 89-8734, 1991 WL 3481, at *1 (E.D. Pa. Jan.11, 1991).....................18

*Lozano v. AT&T Wireless Servs.*,
   504 F.3d 718, 728 (9th Cir. 2007) ...........................................................17

*LT Int'l Ltd. v. Shuffle Master, Inc.*,
   8 F. Supp. 3d 1238, 1243 (D. Nev. 2014).....................................................8

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555, 561 (1992)...................................................................9, 10

*Mass. Mutual Life Ins. Co. v. Superior Court*,
   97 Cal. App. 4th 1282, 119 Cal. Rptr. 2d 190, 197 (Ct. App. 2002) .....................21

*Mazza v. Am. Honda Motor Co., Inc.*,
   666 F.3d 581, 594 (9th Cir. 2012) ...........................................................9

*McFarland v. Memorex Corp.*,
   96 F.R.D. 357 (N.D. Cal. 1982)...............................................................17

*Moss v. U.S. Secret Serv.*,
   572 F. 3d 962, 969 (9th Cir. 2009) ..........................................................8

*Navarro v. Block*,
   250 F.3d 729, 731 (9th Cir. 2001) ...........................................................7

*People v. Lynam*,
   253 Cal.App.2d 959, 965 (1967) .............................................................20

*Picus v. Wal-Mart Stores, Inc.*,
   Nos. 07-cv-00682, 07-cv-00686, 07-cv-00689, 2009 BL 53475 (D. Nev. 2009)....14

*Sampath v. Concurrent Technologies Corp.*,
   Civ. No. 03-264J, 2006 WL 1207961, at *3 (W.D. Pa. May 3, 2006)....................18

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

*Sandoval v. Ali*,
34 F. Supp. 3d 1031, 1043-44 (N.D. Cal. 2014) ........................................14

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*,
806 F.2d 1393, 1401 (9th Cir. 1986) .........................................................9

Sprewell v. Golden State Warriors,
266 F.3d 979, 988 (9th Cir. 2001) .............................................................8

*Stanley v. Bayer Healthcare LLC*,
No. 11CV862-IEG BLM, 2012 WL 1132920, at *10 (S.D. Cal. Apr. 3, 2012) ......22

Swartz v. KPMG LLP,
476 F.3d 756, 764 (9th Cir. 2007) .............................................................8

*Swearingen v. Late July Snacks LLC*,
No. 13-CV-04324-EMC, 2017 WL 1806483, at *8 (N.D. Cal. May 5, 2017) ........22

*Tietsworth v. Sears, Roebuck & Co.*,
720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010) ...........................................15

*Util. Consumers' Action Network v. Powernet Global Communs., PNG Telecomm., Inc.*,
2006 U.S. Dist. LEXIS 78546, *14 (S.D. Cal. Oct. 20, 2006) ................................14

*Vess v. Ciba-Geigy Corp. USA*,
317 F.3d 1097, 1106 (9th Cir. 2003) ..........................................................8

*Von Saher v. Norton Simon Museum of Art*,
592 F.3d 954, 960 (9th Cir. 2010) ...........................................................19

*Walls v. Wells Fargo Bank, N.A.* (In re Walls),
262 B.R. 519, 524 (E.D. Cal. 2001) ..........................................................14

*Wal-Mart Stores, Inc. v. Dukes*,
131 S. Ct. 2541, 2551 (2011) ..........................................................15, 16

*Webb v. Carter's Inc.*,
2011 U.S. Dist. LEXIS 12597, *34, 272 F.R.D. 489, 501 ...............................21

*Wells Fargo Bank, N.A. v. FSI Fin. Sols., Inc.*,
196 Cal. App. 4th 1559, 1573, 127 Cal. Rptr. 3d 589 (2011) ................................25

*Williams v. Beechnut Nutrition Corp.*,
   185 Cal. App. 3d 135, 142, 229 Cal. Rptr. 605, 608 (Ct. App. 1986)......................22

*Wolf v. Superior Court*,
   107 Cal.App.4th 25, 29, 130 Cal.Rptr.2d 860 (2003) ...............................................23

*Yumul v. Smart Balance, Inc.*,
   733 F. Supp. 2d 1117, 1130, (C.D. Cal. 2010) ....................................................21, 22

*Zinser v. Accufix Research Inst., Inc.*,
   253 F.3d 1180, 1189 (9th Cir. 2001) .......................................................................17

## OTHER AUTHORITIES

Judicial Council of California Civil Jury Instructions (May 2020 supplement)
   "CACI No. 4700." ......................................................................................................21

## RULES

Fed. R. Civ. P. 8(a)(2) ....................................................................................................7

Fed. R. Civ. P. 12(b)(6)..............................................................................................7, 14

Fed. R. Civ. P. 12(f) ......................................................................................................18

Fed. R. Civ. P. 21 ..........................................................................................................19

Fed. R. Civ. P. 23 ..........................................................................................................15

Fed. R. Evid. 201(b).......................................................................................................19

Fed. R. Evid. 801(c) .......................................................................................................19

Federal Rules of Civil Procedure 1 ...............................................................................14

Federal Rules of Civil Procedure 8(a) .............................................................................7

Federal Rules of Civil Procedure 9(b) .............................................................................8

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

Federal Rules of Civil Procedure 12(f)...................................................................14, 18

Federal Rules of Civil Procedure 23(c)(1)(A) .........................................................14

Federal Rules of Civil Procedure 23(a)(2)...............................................................15

Federal Rules of Civil Procedure Rule 23(b)(3) .......................................................16

## <u>STATUTES</u>

Cal. Bus. & Prof. Code § 17200 ...........................................................................4, 20

Cal. Bus. & Prof. Code. § 17500 ..........................................................................4, 20

Cal. Civ. Code § 1750, *et. seq.*...........................................................................4, 21

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

## I.   INTRODUCTION

The First Amended Complaint ("FAC") [Dkt. 15] is riddled with defects. Though the entire Complaint and all of its allegations are shrouded in fraud surrounding the Giostar USA webpage, the FAC is woefully lacking in factual specifics regarding the who, what, where, when and why of the alleged fraud and even more so the specifics of Plaintiff's reliance. In particular the FAC lacks specific facts regarding when the alleged reliance on the Giostar Website content took place, what specific incorrect content was allegedly relied upon, where Ms. Mendez was when she allegedly relied upon the incorrect content, with whom she discussed this content, when she decided to get the stem cell treatment, how she decided to get the stem cell treatment, and whether it was in consultation with her physician in Columbia.

The FAC does not allege that Giostar USA or any of the named defendants made any treatment decision on her behalf and only speculates regarding whether the treatment she received was not in fact the treatment she elected. The FAC also speculates regarding damages. The FAC therefore fails to state any well pleaded cause of action. Plaintiff does not state whether she was even in the United States or was in Columbia at the time of the alleged reliance or when she paid for the treatment. She does not state that Giostar USA or the individuals she names were paid for her treatment nor could she provide factual basis for any such an assertion.

To the extent Ms. Mendez alleges she was induced into deciding to get the stem cell treatment provided by Giostar, India by verbal statements that stem cell therapy was a "cure-all", again she provides no details when this occurred or who made this statement or whether it was anyone at Giostar USA or someone from Bioscience Americas, who first introduced Ms. Mendez to Giostar USA. Ms. Mendez does not provide any factual details on exactly how she decided to get the stem cell treatment in India other than to say she wished to avoid radiation or chemotherapy for her diagnosed lymphoma and sought alternative treatment. Ms. Mendez does not state with whom she contracted to get the treatment and when, only that she was sent "documents" in March of 2017.  She

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

does not allege that those papers were sent by Giostar USA.  She does not allege that Giostar USA or the individual defendants performed this treatment, nor could she so allege.  The FAC takes disparate statements out of context and even when citing to statements in emails or webpages does not provide copies thereof.

The FAC is also rife with conflicting allegations that do not reflect any well pleaded cause of action.  On one hand, Plaintiff acknowledges the Giostar USA "lymphoma" webpage describes the classical stem cell treatment for lymphoma, which requires bone marrow ablation and the infusion of bone marrow stem cells.  On the other hand, she alleges she sought an alternative treatment that did not involve radiation or chemotherapy.  On the third hand, she complains that she was not given the classical stem cell treatment described on the Giostar USA webpage.  Is her complaint stating a cause of action that she contracted to get the classical stem cell treatment described on the Giostar USA webpage for lymphoma and went to India expecting to have that same treatment only but was given a different treatment than she expected?  It cannot be so; she went to India twice, six weeks apart for the stem cell treatment [FAC at ¶¶ 84-87] indicating that it was in fact the stem cell treatment she sought.

On the fourth hand, to support her class action, Ms. Mendez speculates based upon alleged hearsay that the stem cell therapy that she received at Giostar, India may not have been in accordance with descriptions on the Giostar USA website [FAC at ¶¶ 44, 104].  She then further speculates from that original speculation that *if* she did not receive the stem cell therapy described on the Giostar USA webpage, then it must never be provided and therefore the description on the webpage must be fraudulent. Such allegations fail to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). *See Blantz v. Cal. Dep't of Corr. & Rehab.,*727 F.3d 917 (9th Cir. 2013) (treating plaintiff's allegations made "upon information and belief" as insufficient conclusory allegations); *Delphix Corp. v. Actifio, Inc.*, 2014 U.S. Dist. LEXIS 132310, *5 (N.D. Cal. Mar. 19, 2014) (pleading upon information and belief "creates a further inference that plaintiff likely

lacks knowledge of underlying facts to support the assertion, and is instead engaging in speculation to an undue degree.").

The FAC also fails for want of well pleaded allegations giving rise to Article III standing or standing under California law because Ms. Mendez likewise makes speculative allegations of physical harm. Ms. Mendez parades a list of horrible side effects such as "jaundice" and "escalation" of cancer [FAC at ¶¶ 103, 110, 111] but does not and cannot provide well pleaded factual allegations tying either of these two conditions to her stem cell treatment provided by Giostar, India. Moreover, Plaintiff's CLRA, UCL and FAL claims separately fail for lack of standing because California's consumer protection laws were not intended to remedy [alleged] injuries caused and suffered outside California by a plaintiff who was not a citizen of California. Plaintiff's CLRA claim for injunctive relief should also be stricken because there is no allegation that she will repeat the stem cell treatment.

Additionally, Plaintiff is an improper class representative as a matter of law because she cannot state her situation is typical. First, she was diagnosed with lymphoma but wanted to avoid radiation and chemotherapy so she sought alternative treatment and was channeled to Giostar USA though one or more individuals at former Defendant Bioscience Americas, who may well have been the people who made the alleged "cure-all" remark and or induced her to try an alternative to the classical treatment that did not involve radiation or chemotherapy and were first named and then dropped from the litigation. There is no numerosity here.  Ms. Mendez does not and cannot allege that a single patient from the United States with lymphoma ever received any stem cell treatment at any Giostar related stem cell center. She is also not typical of a class because her factual circumstances involve former defendant Bioscience Americas with whom Giostar USA is currently in litigation arising out of a breach of contract. Giostar USA has reason to believe that she filed this complaint in cooperation with them both originally naming them and dropping them at their urging. Giostar USA would at a minimum be pursuing this in discovery and raising such coordination at trial in

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

connection with its counterclaims and/or request for attorney's fees under the CLRA. Moreover, to the extent that KamberLaw was involved in such cooperation with Bioscience they could not be effective counsel as one or more of them would be potential witnesses to any discussions or communications with that entity, there being no attorney client privilege with a putative defendant.

## II.  PROCEDURAL HISTORY

Plaintiff Mendez filed her Complaint on May 15, 2020 and the FAC on July 27, 2020 asserting causes of action under Cal. Civ. Code § 1750 et seq. (Consumer Legal Remedies Act ("CLRA")), Cal. Bus. & Prof. Code § 17200 (Unfair Competition Law ("UCL")), and Cal. Bus. & Prof. Code. § 17500 (False Advertising Law ("FAL")) on behalf of herself, all others similarly situated as well as causes of action for breach of express warranty, quasi-contract, breach of fiduciary duty, fraudulent concealment, intentional misrepresentation, and negligent misrepresentation.  The Original Complaint named Bioscience Americas, LLC as a party but they are dropped as a party in the FAC. The Original Complaint has some relevant things to say about Bioscience Americas being the possible source of the alleged misrepresentation including the following: "in addition to reiterating misrepresentations described  herein, Defendant Bioscience Americas LLC makes clear that it is participating in the stem cell therapy business purely for financial gain." Original Complaint [DKT 1] at ¶ 115.

## III.  FACTUAL BACKGROUND

In April 2016, Plaintiff Christina Mendez was diagnosed with Stage II Hodgkin lymphoma.  FAC at ¶ 71.  The five- year survival rate for Stage I or Stage II is between 90-95%, according to Plaintiff.  [FAC at ¶ 73].  The Complaint does not state what conversations Ms. Mendez has with her oncologist when receiving her diagnosis, but it can be inferred that the discussion involved the possibility of her having chemotherapy or radiation therapy because Plaintiff alleges: "because she was reluctant to undergo chemotherapy or radiation therapy for cancer treatment, Plaintiff sought alternative treatments." [FAC at ¶ 74].   Missing from the complaint are the facts regarding when

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

she decided to seek alternative treatments, how she sought the alternative treatment, and how exactly she decided to get the alternative treatment, including who she spoke with in deciding to proceed with it and whether her oncologist was involved in the decision. Ms. Mendez does not state in her complaint who she spoke with while she sought alternative treatment or when she decided to accept stem cell therapy as the alternative treatment. She does state that someone told her that "stem cell therapy could be the cure-all for her cancer." [FAC at ¶ 75].[1]  Who told her this Ms. Mendez does not say.  Ms. Mendez was personally known to more than one representative at [former] Defendant Bioscience Americas ("Bioscience"). Bioscience at the time was working on opening a clinic in Medellin, Columbia through a joint venture that involved Dr. Srivastava. Ms. Mendez does not mention this relationship with Bioscience in her complaint, not does she specify what discussions she had with Bioscience representatives and whether those discussions included the "cure-all" comment.[2] She does reference a 2016 Fact Sheet published by Bioscience for the proposition that Bioscience was seeking "exceptional financial returns" and  was "developing a global network of stem cell treatment centers to generate high income." [FAC at ¶ 113].  While it is not known what Bioscience representatives told Ms. Mendez, someone not specifically identified by Ms. Mendez "informed [Ms. Mendez] that the Treatment would take place outside of the United

[1] Ms. Mendez does not identify any party to the lawsuit having made that statement.

[2]  Ms. Mendez uses throughout the Complaint the collective term "Defendants" when describing specific actions without identifying which defendant; e.g., "The treatment was described by Defendants as a 'cure-all', as cutting-edge and as revolutionizing the cancer industry."  FAC at ¶ 76. The Court should disregard as not well pleaded all such allegations that include actions that are attributed collectively to Defendants, particularly as that term was not changed even after Defendant Bioscience was removed from the Complaint, and therefore the FAC does not distinguish in the slightest between actions of former Defendant Bioscience and the remaining Defendants.

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

States at a state of the art facility in Columbia" and then "changed the location of the treatment to India." FAC at ¶¶ 80.   What is known is that Ms. Mendez was introduced to Mr. Patel and Dr. Srivastava by Mr. Eric Stoffers, CEO of Bioscience Americas, who informed them that Ms. Mendez wished to have a stem cell treatment in India and requested them to provide Plaintiff with logistical support such as help obtaining a tourist visa to travel to India.  Declaration of Dr. Anand Srivastava ("Srivastava Decl.") at ¶¶ 15-22.

It is undisputable that Ms. Mendez had decided to have stem cell treatment before being introduced to Mr. Patel and Dr. Srivastava.  Ms. Mendez does not state how she made this decision but apparently made this decision around January, 2017 in consultation with her oncologist in Columbia and during her discussions with Bioscience because Mr. Stoffers demanded a referral fee both for Bioscience and for the referring Columbian physician (who is also not named).  There is no allegation that Ms. Mendez ever spoke with Mr. Patel or Dr. Srivastava before making this decision because she did not have any such discussions. In particular, Ms. Mendez never spoke with Dr. Srivastava about the difference between having the classical stem cell treatment which typically involves destruction of the bone marrow through radiation or chemotherapy and the infusion of bone marrow stem cells from a donor and the alternative treatment which involves only harvesting  stem cells from the patient or another donor's adult stem cells (which may for example be harvested from umbilical cord or adipose cells).  What is clear however is that Ms. Mendez had decided she did not want the classical stem cell treatment before ever being introduced to anyone at Giostar.

The stem cell therapy she chose did not meet her desire to avoid chemotherapy/radiation therapy; rather she had to begin chemotherapy in December 2017 and entered remission in or around August, 2018. [FAC at ¶¶ 104, 107].

Ms. Mendez seeks to make a case against Giostar because of an alleged misrepresentation in their webpage.  But as Ms. Mendez in her own words alleges:

"On the lymphoma page of [Giostar USA's] website,

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

> [Giostar USA] describe[s] the disease and how stem cell treatment can help.  Among other things, [Giostar USA] state[s] that the patient "has to undergo complete destruction of his/her own bone marrow and undergo infusion of bone marrow stem cells from allogenically matched donor."

FAC at ¶ 52.

But this general information regarding stem cells from Giostar's webpage is exactly correct and Ms. Mendez does not allege to the contrary.  Plaintiff does not allege that she was told that she would be given classical treatment and was then subsequently given the alternative treatment without her knowledge. Ms. Mendez does not and cannot point to anyone at Giostar having induced her to have the alternative treatment when she herself had already chosen to not have any treatment involving chemotherapy or radiation therapy, which would be needed to destroy the bone marrow under the classical treatment. Ms. Mendez wanted and received alternative treatment, and this is evident from the fact that she willingly visited India a second time to keep receiving the treatment. [FAC at ¶¶ 84-87].

## IV.   ARGUMENT

### A. Legal Standard

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001). Rule 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

When reviewing a motion to dismiss, a court must accept as true all "well pleaded

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences*." Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F. 3d 962, 969 (9th Cir. 2009) (quotations omitted). Claims sounding in fraud or mistake must additionally comply with the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which requires that a complaint "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) "requires . . . an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (quotation omitted); see also *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (averments of fraud must be accompanied by "the who, what, when, where, and how of the misconduct charged") (quotation omitted). See also *LT Int'l Ltd. v. Shuffle Master, Inc.*, 8 F. Supp. 3d 1238, 1243 (D. Nev. 2014) ("A complaint is subject to deeper scrutiny when it contains allegations of fraud or mistake."); *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (Rule 9(b)'s "particularity" standard requires a plaintiff to "identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." )

"Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Despite the deference the court must pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526

(1983).

As a general rule, a court freely grants leave to amend a dismissed complaint. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

## B. Plaintiff Lacks Standing

### 1. Plaintiff's CLRA, UCL, and FAL Claims Fail for Lack of Standing

Consumer Protection claims are governed by the laws of the jurisdiction in which the transaction took place. *Mazza v. Am. Honda Motor Co., Inc.,* 666 F.3d 581, 594 (9th Cir. 2012) The FAC does not allege Ms. Mendez was in California or even in the United States when she purchased the stem cell treatment that she received in India. By its own terms the FAL prohibits "false or misleading statements made 'before the public in this state' and 'from this state before the public in any state.'" *Tidenberg*, 2009 WL 605249, at *9 (quoting Cal. Bus. & Prof. Code § 17500). *See Churchill Village, LLC v. Gen. Elec. Co.*, 169 F.Supp.2d 1119, 1126-27 (N.D. Cal. 2000)(in-state sales in California alone are insufficient to show nexus with California to support UCL claim). Ms. Mendez's California CLRA, UCL, and FAL claims fail for lack of standing.

### 2. All of Plaintiff's Claims Fail for Lack of Standing

Plaintiff has the burden of establishing Article III standing in order to maintain an action in federal court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Unnamed members of a class do not afford a plaintiff standing where plaintiff does not otherwise have it. *Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 951 (S.D. Cal. 2007). "[A] class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625-26, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997). They have neither Article

III standing nor standing under California law where they did not suffer injury-in-fact. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Bower v. AT & T Mobil*ity, LLC, 196 Cal. App. 4th 1545, 1554-56, 127 Cal. Rptr. 3d 569, 578 (2011).

Plaintiff also alleges: "[d]espite recognition of the procedure for cancer cell destruction, Defendants do not perform the destruction of the bone marrow, nor do they ensure that the required process has been followed prior to administration of the Treatment.  In addition, on information and belief, Defendants do not infuse bone marrow stem cells from an allogenically matched donor."  [FAC at ¶ 53].

But this is bad faith at its highest.  Ms. Mendez cannot plead any factual basis for injury-in-fact because the classical treatment described on the Giostar USA webpage was not followed where she herself elected not to have the classical treatment and neither Giostar USA nor the individual defendants are even alleged to have made the treatment decision.

With regard to the alterative stem cell treatment she actually requested and received, Plaintiff does not well plead a personal injury-in-fact because she speculates upon information and belief that she received substandard stem cells and further speculates that this caused jaundice.  Plaintiff's class action allegations based upon speculative injury-in-fact should be dismissed for lack of standing.

**C. Plaintiff Fails To Satisfy Mandatory Pleading Requirements**

**1. The FAC Allegations Regarding the Giostar USA Website Do Not Comply With *Twombly* and *Iqbal***

Plaintiffs' claims do not satisfy pleading requirements established by the United States Supreme Court. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009) Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 545. "Factual allegations must be enough to raise a right to relief above the speculative level ...." *Id*. at 570. If plaintiffs "have not nudged their claims across the line from conceivable to

plausible, their complaint must be dismissed." *Id. Twombly* requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citation omitted). This heightened pleading standard applies to all civil suits. *Ashcroft v. Iqbal*, 129 S. Ct. at 1953. Plaintiffs' FAC comprises conclusory statements of law and inadequate factual allegations. Its unsupported conclusions cannot meet the requirements of *Twombly* and *Iqbal*.

Ms. Mendez sought an alternative treatment because she wished to avoid any chemotherapy or radiation exposure. [FAC at ¶ 74]. Ms. Mendez now asserts in this lawsuit that she was fraudulently induced into having an alternative stem cell treatment for her lymphoma due to allegedly fraudulent content on the Giostar USA Webpage. FAC at ¶ 16. But there is no plausible cause of action on the basis of the Giostar USA webpage content because the general information provided on the Giostar USA webpage regarding the classical treatment of lymphoma is indisputably correct and because the Giostar USA webpage does not discuss any alternative treatment for lymphoma.

Specifically, Ms. Mendez alleges: "[o]n the lymphoma page of [Giostar USA's] website, [Giostar USA] describe[s] the disease and how stem cell treatment can help. Amongst other things, [Giostar USA] state[s] that the patient 'has to undergo complete destruction of his/her own bone marrow and undergo infusion of bone marrow stem cells from allogenically matched donor.'" FAC at ¶ 52. Ms. Mendez makes no allegation that these statements regarding classical stem cell treatment for lymphoma are false. Rather, Ms. Mendez's allegations correctly recognize the importance of the bone marrow ablation and the infusion of new bone marrow stem cells in classical stem cell treatment for lymphoma. See e.g., FAC at ¶ 29, 30. Indeed, this is the longstanding and widely accepted approach for stem cell treatment for lymphoma. Srivastava Decl. at ¶¶ 22-24. Thus, the pleadings show both that Giostar described and Ms. Mendez was aware of the role and importance of bone marrow ablation and the infusion of new bone marrow stem cells in the classical treatment of lymphoma, as discussed in the Giostar webpage.

Ms. Mendez does not and cannot point to anywhere that the Giostar USA website

encourages or describes any alternative treatment of lymphoma because no such content exists on the webpage.  The only other portion of the lymphoma page of the Giostar USA website to which Plaintiff cites in reference to lymphoma is this:

> "We have mastered the technology for isolating maximum number of viable stem cells allogeneically with the matched donor to treat various patients with SCAD [Lymphona/ Thalassemia]. We are the licensed, private   organization with the excellent, well equipped state of the art facility to isolate, process and enrich the viable number of stem cells, which can be reinfused back into the   patient's body."

FAC at ¶ 49.

But this portion of the lymphoma webpage correctly describes how the stem cells are prepared and infused during the classical treatment for lymphoma.  Srivastava Decl. at ¶¶ 23-24.    Ms. Mendez does not and cannot allege that this statement made in the Giostar USA webpage is describing much less advocating any alternative treatment of lymphoma because Giostar USA's webpage does not anywhere advocate or describe using any alternative treatment for lymphoma. *Id*.

As such, no plausible cause of action can be pleaded based upon any alleged inducement by Giostar USA for Ms. Mendez to elect to have alternative treatment for her lymphoma based upon any alleged fraudulent content on the Giostar USA webpage.

## 2. The FAC Allegations Regarding Other Alleged Fraudulent Statements Do Not Comply With Twombly and Iqbal

Ms. Mendez also asserts that some [unnamed] person/s told her that "stem cell therapy could be the cure-all for her cancer." [FAC at ¶ 75]. See also FAC at ¶ 76 ("[t]he treatment was described by Defendants as a "cure-all", as cutting-edge, and as revolutionizing the cancer industry.")  Plaintiff does not specifically identify who is alleged to have made these representations,  how or when they were made, any factual predicate for "but-for" reliance, and importantly does not distinguish either in the Original Complaint or in the FAC between the Bioscience Americas defendant who was originally named and dropped and the remaining Defendants, who she does not

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

specifically identify as having allegedly made this statement.[3]  Ms. Mendez does not state that these statements come from the content of the Giostar USA webpage, nor can she.[4]

Ms. Mendez does not allege that Giostar USA or any of the individual defendants were involved in making treatment decisions or performing the treatment.

But this does not give rise to a cause of action against the named defendants. Ms. Mendez does not and cannot allege that Giostar USA or any of the individual defendants decided her treatment plan or performed her treatment. Nor could any such allegation be made in good faith. Giostar USA is a research and development company. Neither Giostar USA nor the individual defendants operate stem cell clinics or treat patients anywhere. The stem cell treatments provided at the Giostar, India clinic that Ms. Mendez went to are provided by a separate organization formed under the laws and regulations of India and are strictly performed under the control of treating physicians licensed in India who decide the treatment plan in consultation with the patient and they were not involved in making any treatment decisions for Ms. Mendez. Srivastava Decl. at ¶¶ 31, 36-38. Declaration of Devel Patel ("Patel Decl.") at ¶ 22, 24.

---

[3]  Ms. Mendez did, however, originally name Bioscience Americas as a Defendant in her Original Complaint (Dkt. 1 at 19) and apparently was referring to someone within that organization. This inference is further bolstered by Ms. Mendez's statement that "[a]lthough Plaintiff was originally informed that the Treatment would take place outside of the United States at a state of the art facility in Columbia, Defendants changed the location of the treatment to India."  But Giostar USA was informed by Bioscience Americas that Ms. Mendez had already chosen to get the treatment in India and requested Giostar USA's logistical support to get her connected with Giostar, India. *See* Srivastava Decl. 31, 36-38.

[4] The Giostar USA webpage also clearly states that its content is for information purposes only and cannot replace medical advice of a physician.  Srivastava Decl. at ¶ 36.

3:20-cv-00915-CAB-BLM

## V.   THE FAC FAILS TO STATE A CERTIFIABLE CLASS

### A. It is Appropriate to Deal with the Lack of a Certifiable Class on a Motion To Dismiss.

Rule 23(c)(1)(A), Fed.R.Civ.P., requires a court to consider issues of class certification "at an early practicable time after a person sues or is sued as a class representative." The U.S. Supreme Court has recognized that "sometimes [class certification] issues are plain enough from the pleadings." *Gen. Tel. Co. of the Southwest v. Falcon,* 457 U.S. 147, 160 (1982). Moreover, class issues may often be resolved without any discovery consistent with "just speedy and inexpensive" determination of such actions. Fed. R. Civ. P. 1.; *accord Picus v. Wal-Mart Stores, Inc.,* Nos. 07-cv-00682, 07-cv-00686, 07-cv-00689, 2009 BL 53475 (D. Nev. 2009) (staying discovery until the issue of class certification was decided.) Whether styled as a motion to dismiss, a motion to deny certification or a motion to strike the class allegations, courts have considered these motions under the standards governing motions to dismiss for failure to state a claim under Rule 12(b)(6) of the FRCP. See, e.g., *Walls v. Wells Fargo Bank, N.A.* (In re Walls), 262 B.R. 519, 524 (E.D. Cal. 2001)(". . . the motion to deny class certification, having been brought prior to any discovery, should be construed according to the same legal standards as a motion to dismiss under Rule 12").

The purpose of a Rule 12(f) motion to strike is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds by 510 U.S. 517 (1994). In furtherance of this goal, the Court may grant a motion to strike in order to "streamline the ultimate resolution of the action and focus the jury's attention on the real issues." *Util. Consumers' Action Network v. Powernet Global Communs., PNG Telecomm., Inc.*, 2006 U.S. Dist. LEXIS 78546, *14 (S.D. Cal. Oct. 20, 2006) (granting motion to strike nationwide class allegations). Moreover, class allegations may be stricken at the pleading stage. *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205 (9th Cir. 1975); *See, e.g., Sandoval v. Ali*, 34 F. Supp. 3d 1031, 1043-44 (N.D. Cal.

2014) (striking class allegations); *Tietsworth v. Sears, Roebuck & Co.*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010) (granting motion to strike class allegations).

## B. The Class Lacks Numerosity.

Because this class action lawsuit is not brought in good faith, it contains a number of false foundational allegations.  Regarding numerosity, Plaintiff alleges:

> **Numerosity:** Members of the Class are so numerous that joinder of all members is impracticable. According to Defendants, they "successfully  treated" 4,000 patients between 2011 and 2016. Upon information and belief, the Nationwide Class consists of thousands of patients, dispersed throughout the United States, who received Treatment from Defendants, and the California Subclass consists of hundreds or thousands of patients from California, who  received Treatment from Defendants. Accordingly, it would be impracticable to join all members of the Class before the Court.

FAC at ¶ 119.

This is not so. First, only a handful of treatments were provided (at any time) by Giostar, India to anyone who came from the United States; those few were people personally known to members of Giostar USA, and none of them came for any blood cancer treatment of any kind.  Srivastava Decl. at ¶¶ 27-29; Patel Decl. at ¶¶ 17-20.

## C. Plaintiff's Situation is Not Typical.

Fed. R. Civ. P. 23 "imposes stringent requirements for certification that in practice exclude most claims." *Am. Express Co. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2310 (2013). Plaintiffs have the burden of affirmatively demonstrating that their classes meet these requirements. *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013); *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). Rule 23(a)(2) requires that "there are questions of law or fact common to the class." What matters "'is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation.

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

1  Dissimilarities within the proposed class are what have the potential to impede the

2  generation of common answers.'" *Dukes*, 131 S. Ct. at 2551(citation omitted). Pursuant

3  to Rule 23(b)(3), Plaintiff must establish that "questions of law or fact common to class

4  members predominate over any questions affecting only individual members, and that a

5  class action is superior to other available methods for fairly and efficiently adjudicating

6  the controversy."

7      Regarding typicality, Plaintiff alleges:

8      **Typicality**:  Plaintiff's claims are typical of the claims of the
       members of the Class she seeks to represent because Plaintiff, like
9      the Class members, relied on Defendants' misrepresentations and
10     false statements in deciding to undergo Treatment by Defendants.
       Defendants' unlawful, unfair and/or fraudulent actions concern the
11     same business practices described herein irrespective of where
12     they occurred or were experienced. Plaintiff and the Class
       sustained similar injuries arising out of Defendants' conduct.
13     Plaintiff's and Class member's claims arise from the same
14     practices and course of conduct and are based on the same legal
15     theories.

16  FAC at ¶ 121.

17

18      There is no typicality here.  As Ms. Mendez has pleaded, she was diagnosed with

19  lymphoma and did not want to undergo treatment involving radiation or chemotherapy.

20  She sought alternative treatment and apparently spoke with someone who she personally

21  knew at Bioscience America who told her that stem cell therapy is a "cure-all" for her

22  lymphoma.[5]  There was nothing typical in her situation.   Ms. Mendez's unique

23  combination of illness, circumstances and alleged damages are not the proper subject

24  matter for a class action.  Moreover, there are a number of particular facts regarding

25  Plaintiff's relationship with [former] defendant Bioscience including whether or not Ms.

26  Mendez brought this action at the request of or in cooperation with them as part of an

27  _____

28  [5] The Giostar website speaks to classical stem cell treatment for lymphoma, which
    involves radiation or chemotherapy to destroy the bone marrow.  It nowhere
    recommends alternative stem cell treatment for lymphoma.

effort to discredit Giostar USA.

### D. Individual Questions Affecting Each Member and Plaintiff's Unique Set of Circumstances are not, and Cannot Be, Alleged to be Representative of a Class.

It is again clear from the facts presented here that individualized issues will predominate and defeat class certification.  In addition to the non-typicality of Ms. Mendez's situation, Plaintiff asserts state law claims, which will often vary from state to state, and will require ascertaining where each individual class member resides, what substantive law applies to each class member's claim, and an individualized choice of law analysis for each class member, in addition to the individualized issues of fact such as (a) for what reason were they seeking stem cell treatment, which could range from no specific ailment to erectile disfunction to diabetes; (b) how did they decide to have a treatment; (c) how did they decide to have the treatment at a Giostar, India stem cell treatment; (d) what was the result of the treatment; (d) how were they allegedly fraudulently induced to having the treatment; (e) what is the asserted harm; (f) what was the alleged misrepresentation in the content on the website that was allegedly relied upon; (g) was the relied upon content inaccurate; (h) whether there was any damages; (i) what is the amount of that damage; (j) under what alleged underlying cause of action; (k) what state's laws apply.  This is not the basis of a class action. Courts have refused to certify nationwide classes based upon products liability and breach of contract theories on the basis that there was no manageable way to deal with the variances in state laws. See, e.g., *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1189 (9th Cir. 2001); *McFarland v. Memorex Corp.*, 96 F.R.D. 357 (N.D. Cal. 1982); *Lozano v. AT&T Wireless Servs.*, 504 F.3d 718, 728 (9th Cir. 2007).

A class that requires a court to determine the ultimate issue of liability in the case cannot be certified because the court is unable to determine who is included in the class before a trial on the merits since the burden of conducting mini-trials on the merits of each putative class member's case negates the efficiency of the class action vehicle. *See*

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

*e.g, Forman v. Data Transfer*, 164 F.R.D. 400, 404 (E.D. Pa. 1995) (plaintiff's proposed class definition was untenable where a determination of class membership "would essentially require a mini-hearing on the merits of each case"). The same situation applies here. The thousands of patients treated in India were just that, patients treated in India. Only a handful of those came from the United States and none of them were treated here. It is obvious from the proposed class definition in the complaint that there is no realistic way to determine who belongs in the class in advance of a trial because not only is each circumstance particularized but because membership in the class depends upon the mental state of the putative class members. A mini-trial would be required to determine who would be included in the class. For each person who was ever given a stem cell injection determining whether or not there was even a putative case would be based upon individual questions.

Given these facts and the unique nature of Plaintiff's case, Ms. Mendez's class allegations cannot satisfy class requirements and should be stricken.

## VI.  THE COURT SHOULD DIREGARD OR STRIKE SCANDALOUS MATTER

Pursuant to Fed. R. Civ. P. 12(f), a party may move to strike from a pleading any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The language of [Federal Rule of Civil Procedure 12(f) ] is permissive so that the Court has a wide measure of discretion in determining whether to grant or deny a motion under it." *Sampath v. Concurrent Technologies Corp.,* Civ. No. 03-264J, 2006 WL 1207961, at *3 (W.D. Pa. May 3, 2006) (citing *Higgins v. Shenango Pottery Co.,* 99 F.Supp. 522, 525 (W.D. Pa.1951)); *Korman v. Trusthouse Forte PLC*, Civ. A. No. 89-8734, 1991 WL 3481, at *1 (E.D. Pa. Jan.11, 1991) ("A district court has broad discretion in deciding Rule 12(f) motions"). "'Scandalous matter' has been defined as 'that which improperly cases a derogatory light on someone, most typically on a party to the action.'" *Donnelly v. Commonwealth Fin. Sys., Inc.*, 2008 WL. 762085, at *4 (M.D. Pa. Mar. 20, 2008) (quoting *Carone v. Whalen*, 121 F.R.D. 231, 233 (M.D. Pa.

1  1988) and 5 C. Wright & A Miller § 1382, at 826)).

2       Defendants request that the Court disregard or strike paragraphs 57-70 of the FAC.

3  Paragraphs 57-70 of the FAC contain scandalous matter backed by no factual allegation,

4  but only double hearsay from an LA Times article regarding primarily Dr. Srivastava's

5  background and work history and is controverted by Dr. Srivastava. Srivastava Decl. at

6  ¶ 34-36.  There is no allegation that Ms. Mendez relied upon this content when she chose

7  to seek avid chemotherapy. These false and reckless allegations are clearly present for

8  character assignation as the contents are not admissible. *See Habibi v. Barr*, 2020

9  U.S.Dist. LEXIS 77482 *15 (S.D.CA 2020) ("[T]he Court cannot take judicial notice of

10 the facts in the articles cited by [Plaintiff] because they are not generally known and are

11 not capable of accurate and ready determination by resort to indisputable sources."

12 (citing Fed. R. Evid. 201(b)); *see Von Saher v. Norton Simon Museum of Art*, 592 F.3d

13 954, 960 (9th Cir. 2010) (courts may take judicial notice of news articles as evidence of

14 "what was in the public realm at the time, not whether the contents of those articles were

15 in fact true"), *cert. denied*, 564 U.S. 1037, 131 S. Ct. 3055, 180 L. Ed. 2d 885 (2011).

16 Further, because the facts alleged in these articles are being offered for the truth of the

17 matter asserted, they contain hearsay and are not admissible pieces of evidence. *See* Fed.

18 R. Evid. 801(c); *AFMS LLC v. United Parcel Serv. Co.*, 105 F. Supp. 3d 1061, 1070

19 (C.D. Cal. 2015) ("It is axiomatic to state that newspaper articles are by their very nature

20 hearsay evidence and are thus inadmissible if offered to prove the truth of the matter

21 asserted[.]") (citation and internal quotations omitted), *aff'd sub nom.*, 696 F. App'x 293

22 (9th Cir. 2017).  These allegations should be struck and disregarded.

23 **VII.  GIOSTAR LABS, INC., SCOTT KIRKPATRICK AND SIDDHARTH**
24 **        BHAVSAR SHOULD BE DISMISSED**

25       Giostar Labs, Inc., Mr. Kirkpatrick and Mr. Bhavsar are improperly named

26 parties, and should be dismissed pursuant to Fed. R. Civ. P. 21.

27       The FAC alleges at paragraphs 18, 21, 22 and 38 that Giostar Labs, Inc. and

28 Messrs. Kirkpatrick and Bhavsar are responsible for the contents of the Giostar USA

website and the claims brought.  This is, as with other aspects of the FAC, fatally flawed. First, Giostar Labs was not formed and did not exist until 2019, more than a year after the alleged fraudulent inducement took place. *See* Declaration of Scott Kirkpatrick. Second, like the other individual defendants, there is no allegation that they made any treatment decision or performed any treatment of Ms. Mendez. Third, there are no allegations how Giostar Labs or Mr. Kirkpatrick or Mr. Bhavsar were involved in or responsible for any cause of action on any grounds. No plausible claim can be asserted against these defendants; they should also be dismissed on these independent grounds. *See* Declaration of Siddharth Bhavsar.

## VIII.  PLAINTIFF'S CLAIMS FOR VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION AND FALSE ADVERTISING LAWS FAIL

Plaintiff alleges violation of California Business and Professions Code section 17200 (the "Unfair Competition Law" or "UCL") and California's Business and Practices Code section 17500 (the "Fair Advertising Law" or "FAL").  To state an FAL claim, the plaintiff must show that (1) the statements in the advertising are untrue or misleading and (2) the defendants knew, or by the exercise of reasonable care should have known, that the statements were untrue or misleading. *People v. Lynam*, 253 Cal.App.2d 959, 965 (1967). To state an UCL claim, the plaintiff must show that (1) the defendant engaged in unfair, deceptive, untrue or misleading advertising and (2) the plaintiff suffered injury in fact and lost money or property.  *Buckland v. Threshold Enterprises, Ltd.*, 155 Cal. App. 4th 798, 819, (2007).

Plaintiff's claims for UCL and FAL violations should be dismissed because they lack factual predicate for any claim.  The Giostar USA website gives general information regarding many forms of stem cell treatment for many diseases.  Regarding lymphoma, the Giostar USA website gives general information regarding the classical treatment for lymphoma. Ms. Mendez points to no information on the website encouraging or even describing any alternative treatment for lymphoma.

## IX.   PLAINTIFF'S CLAIMS FOR VIOLATION OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT FAIL

Plaintiff alleges violation of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et. seq.*  To make out a CLRA violation, a plaintiff must show that the defendant committed one of 23 enumerated unlawful practices, including "representing that goods . . . have . . . characteristics, . . . uses, [or] benefits . . . that they do not have," and "representing that goods . . . are of a particular standard, quality, or grade . . . if they are of another."  *Webb v. Carter's Inc.*, 2011 U.S. Dist. LEXIS 12597, *34, 272 F.R.D. 489, 501. A plaintiff can only recover, however, if he suffers damage "as a result of" conduct forbidden by the statute. *Id.* § 1780(a). Thus, under the CLRA, a plaintiff must show that a "defendant's deception caused them harm." *Mass. Mutual Life Ins. Co. v. Superior Court*, 97 Cal. App. 4th 1282, 119 Cal. Rptr. 2d 190, 197 (Ct. App. 2002).

To establish a CLRA claim, all of the following elements must be met: (1) That plaintiff acquired, or sought to acquire, by purchase or lease, a specified product or service] for personal, family, or household purposes; (2) That defendant represented that [product or service] had characteristics, uses, or benefits that it did not have]; (3)That plaintiff was harmed; (4) That plaintiff's harm resulted from defendant's conduct. Judicial Council of California Civil Jury Instructions (May 2020 supplement) "CACI No. 4700."

Plaintiff's claim for a CLRA violation should be dismissed because it lacks factual predicate for any claim.  Giostar USA website is not alleged to make factual misrepresentations regarding the classical stem cell treatment for lymphoma which Plaintiff did not elect to receive and does not describe any alternative treatment for lymphoma.  And Ms. Mendez's speculations regarding the alternative treatment she elected to have do not well plead a violation of the CLRA.  Moreover, CLRA claims are subject to a three-year statute of limitations. *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1130, (C.D. Cal. 2010).  Plaintiff has not pleaded factual basis for

purchasing the stem cell treatment during the period and fails to state a plausible claim. The CLRA causes of action should therefore be dismissed. *Yumul v. Smart Balance, Inc.,* 733 F. Supp. 2d 1117, 1133 (C.D. Cal. 2010) (complaint dismissed to the extent it alleges conduct occurring outside the relevant statutes of limitations.)

## X.   PLAINTIFF'S CLAIMS FOR BREACH OF EXPRESS WARRANTY FAIL

Plaintiff alleges breach of express warranty (fourth cause of action.) To successfully plead a cause of action for breach of express warranty, a plaintiff must allege "the exact terms of the warranty, plaintiff's reasonable reliance thereon, and a breach of that warranty which proximately causes plaintiff injury." *Stanley v. Bayer Healthcare LLC*, No. 11CV862-IEG BLM, 2012 WL 1132920, at *10 (S.D. Cal. Apr. 3, 2012) citing *Williams v. Beechnut Nutrition Corp.*, 185 Cal. App. 3d 135, 142, 229 Cal. Rptr. 605, 608 (Ct. App. 1986).

Ms. Mendez allegations do not provide factual predicate that any general information in the Giostar USA webpage constituted any written warranty, statement of fact or promise to treatments given by Giostar, India. Nor do Ms. Mendez's allegations provide any well pleaded factual predicate for any allegation that the stem cell treatment she elected to have and received was not as represented or that she was harmed or that the alleged non-conformity was a substantial fact in causing her harm.

## XI.   PLAINTIFF'S CLAIMS FOR QUASI-CONTRACT FAIL

Plaintiff alleges a breach of quasi-contract (fifth cause of action.)  To state a claim for quasi-contract under California law, Plaintiff must have "conferred a benefit on defendant which defendant has knowingly accepted under circumstances that make it inequitable for the defendant to retain the benefit without paying for its value." *Swearingen v. Late July Snacks LLC,* No. 13-CV-04324-EMC, 2017 WL 1806483, at *8 (N.D. Cal. May 5, 2017).  Plaintiff has not well pled allegation of quasi-contract. Plaintiff has no factual predicate to support that she conferred a benefit on any defendant who accepted or retained the benefit. Neither Giostar USA nor any of the individual

defendants are paid referral fees for stem cell treatment performed by Giostar, India and were not in Ms. Mendez's case either.  As a favor to Bioscience CEO Mr. Stoffers, Mr. Patel personally forwarded the payment for Ms. Mendez's treatment to Giostar, India and that is all. The FAC does not supply any well pleaded factual allegation that either Giostar USA or individual defendants were paid for her treatment. Bioscience Americas did take a referral fee for itself and for Ms. Mendez's physician in Columbia for Ms. Mendez's stem cell treatment provided by Giostar, India.

## XII.   PLAINTIFF'S CLAIMS FOR BREACH OF FIDUCIARY DUTY FAIL

Plaintiff alleges breach of fiduciary duty (sixth cause of action.) A cause of action for breach of fiduciary duty requires the existence of a fiduciary relationship, its breach, and damage proximately caused by that breach. *Knox v. Dean*, 205 Cal.App.4th 417, 432–433, 140 Cal.Rptr.3d 569 (2012).  A fiduciary relationship ordinarily arises "where a confidence is reposed by one person in the integrity of another, and in such a relation the party in whom the confidence is reposed, if he voluntarily accepts or assumes to accept the confidence, can take no advantage from his acts relating to the interest of the other party without the latter's knowledge or consent. . . ." *Wolf v. Superior Court,* 107 Cal.App.4th 25, 29, 130 Cal.Rptr.2d 860 ((2003) (internal citations omitted.)

The FAC supplies no well pleaded factual allegations to support such a cause of action against Giostar USA or the individual defendants.  Ms. Mendez decided to go to India for a stem cell treatment that was not described in the Giostar USA website as a treatment for lymphoma because she wished to avoid bone marrow ablation. Ms. Mendez does not allege that Giostar USA or any of the individual defendants participated in making this treatment decision. Ms. Mendez does not allege that any of the Defendants were acting in the capacity of her treating physician. Ms. Mendez provides no factual basis for plausibly asserting this claim and it should be dismissed.

## XIII.  PLAINTIFF'S CLAIMS FOR FRAUDULENT CONCEALMENT FAIL

Plaintiff alleges fraudulent concealment (seventh cause of action). Fraudulent concealment consists of five elements: "(1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage." *Kaldenbach v. Mutual of Omaha Life Ins. Co.*, 178 Cal.App.4th 830, 850 (Ct.App.2009); *Boschma v. Home Loan Center, Inc.* (2011) 198 Cal.App.4th 230, 248 [129 Cal.Rptr.3d 874]; *Appel v. Bos. Nat'l Title Agency, LLC*, 2020 U.S. Dist. LEXIS 101692.

The FAC supplies no well pleaded factual allegations supporting such a cause of action against Giostar USA or the individual defendants.  Ms. Mendez decided to go to India for a stem cell treatment that was not described in the Giostar USA website as a treatment for lymphoma because she wished to avoid bone marrow ablation. Ms. Mendez does not allege that Giostar USA or any of the individual defendants participated in making this treatment decision. Ms. Mendez does not allege that any of the Defendants were acting in the capacity of her treating physician. Ms. Mendez provides no factual basis for plausibly asserting this claim and it should be dismissed.

## XIV. PLAINTIFF'S CLAIMS FOR INTENTIONAL & NEGLIGENT MISREPRESENTATION FAIL

Plaintiff alleges intentional misrepresentation (eighth cause of action) and negligent misrepresentation (ninth cause of action).

The elements of a claim for intentional misrepresentation are: "(1) a misrepresentation; (2) knowledge of falsity; (3) intent to induce reliance; (4) actual and justifiable reliance, and (5) resulting damages." *Cisco Sys., Inc. v. STMicroelectronics, Inc.*, 77 F. Supp. 3d 887, 897 (N.D. Cal. 2014). The elements for negligent misrepresentation are the same, except there is no requirement of knowledge of falsity,

instead, there must be no reasonable ground for believing the misrepresentation to be true. *Wells Fargo Bank, N.A. v. FSI Fin. Sols., Inc.*, 196 Cal. App. 4th 1559, 1573, 127 Cal. Rptr. 3d 589 (2011); *Appel v. Bos. Nat'l Title Agency, LLC*, 2020 U.S. Dist. LEXIS 101692.

The FAC supplies not well pleaded factual allegations supporting such a cause of action against Giostar USA or the individual defendants.  Ms. Mendez decided to go to India for a stem cell treatment that was not described in the Giostar USA website as a treatment for lymphoma because she wished to avoid bone marrow ablation. Ms. Mendez does not allege that Giostar USA or any of the individual defendants participated in making this treatment decision. Ms. Mendez does not allege that any of the Defendants were acting in the capacity of her treating physician. Ms. Mendez provides no factual basis for plausibly asserting this claim and it should be dismissed.

In light of at least the foregoing, the FAC should be dismissed.

Respectfully Submitted,

Dated:  August 31, 2020            **SETHLAW PLLC**

By ___/s/ Sandeep Seth_____
        SANDEEP SETH

Attorneys for Defendants
GLOBAL INSTITUTE OF STEM CELL
THERAPY AND RESEARCH, USA,
GIOSTAR LABS, INC., ANAND
SRIVASTAVA, M.S., PH.D., DEVEN PATEL,
SIDDHARTH BHAVSAR and SCOTT
KIRKPATRICK

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

## CERTIFICATE OF SERVICE

I am employed in the County of Harris, State of Texas. I am over the age of 18 and not a party to the within action. My business address is Pennzoil Place,700 Milam Street, Suite 1300, Houston, TX 77002.

On August 31, 2020, I served the within document(s) described as:

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

on each interested party in this action as stated below:

Naomi B. Spector, Esq.
KAMBERLAW, LLP
1501 San Elijo Road South, Ste.104
San Marcos, CA 92078
Phone: 310.400.1053
Fax: 212.202.6364
nspector@kamberlaw.com
tdavis@kamberlaw.com
skamber@kamberlaw.com
*Counsel for Plaintiff Christina Mendez and the putative Classes*

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 31, 2020, at Houston, Texas.


By    /s/ Anita Lal
      ANITA LAL

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT