UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA MENDEZ, individually and on behalf of all others similarly situated,<br><br>                                Plaintiff,<br><br>v.<br><br>GLOBAL INSTITUTE OF STEM CELL THERAPY AND RESEARCH, USA, et al.,<br><br>                                Defendants. | Case No.: 20cv915-LL-BLM<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND AND DENYING MOTION TO DISMISS AS MOOT**<br><br>**[ECF Nos. 15, 16]** |

      In this putative consumer class action, Plaintiff Christina Mendez alleges federal jurisdiction on the basis of the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) ("CAFA"). ECF No. 15. Pending before the Court is Plaintiff's operative First Amended Complaint ("FAC"), *id.*, and a Motion to Dismiss the FAC filed by Global Institute of Stem Cell Therapy and Research, USA ("Giostar"), Giostar Labs, Inc. ("Giostar Labs"), Anand Srivastava, Deven Patel, Siddharth Bhavsar, and Scott Kirkpatrick (together, "Defendants"), ECF No. 16. For the reasons discussed below, this action is **DISMISSED WITHOUT PREJUDICE** for failure to sufficiently allege federal subject matter jurisdiction. Defendants' motion to dismiss is therefore **DENIED WITHOUT**

**PREJUDICE** as moot. Plaintiff is granted leave to amend her complaint pursuant to 28 U.S.C. § 1653.

## I. BACKGROUND

Plaintiff filed this putative consumer class action complaint on May 15, 2020. ECF No. 1. The operative FAC was filed on July 27, 2020. ECF No. 15. The FAC asserts the following claims: (1) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*; (2) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500 *et seq.*; (3) violation of California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code. §§ 1750 *et seq.*; (4) breach of express warranty; (5) quasi contract; (6) breach of fiduciary duty; (7) fraudulent concealment; (8) intentional misrepresentation; and (9) negligent misrepresentation. *Id.* Defendants' motion to dismiss was filed on August 31, 2020. ECF No. 16.

## II. LEGAL STANDARD

"It is to be presumed that a cause lies outside [of federal courts'] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Federal courts are constitutionally required to raise issues related to federal subject matter jurisdiction and may do so sua sponte. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A federal court must satisfy itself of its jurisdiction over the subject matter before proceeding to the merits of the case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577, 583 (1999); *Snell v. Cleveland*, 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3)[] provides that a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . .") (footnote omitted). "A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Tosco Corp. v.*

*Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (citation omitted), abrogated on other grounds by *Hertz Corp. v. Friend*, 559 U.S. 77, 82-83 (2010).

### III. DISCUSSION

"CAFA vests the federal courts with 'original' diversity jurisdiction over class actions [of 100 or more persons] if: (1) the aggregate amount in controversy exceeds $5,000,000, and (2) any class member is a citizen of a state different from any defendant." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020-21 (9th Cir. 2007) (citing 28 U.S.C. § 1332(d)). The enactment of CAFA did not alter the longstanding rule that the proponent of federal jurisdiction bears the burden of establishing that jurisdiction. *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 686 (9th Cir. 2006).

#### A. Amount in Controversy

Plaintiff's prayer for relief is silent as to what amount of damages or restitution she seeks and the FAC otherwise fails to calculate or explain how the $5,000,000 bar will be met in light of the injuries alleged. ECF No. 15 at 40. Plaintiff alleges that that cost of her disputed treatment, $22,500, is representative and typical of the amount charged by Defendants for stem cell therapy and that "the claims of the proposed class members exceed $5,000,000 in the aggregate." *Id.* ¶¶ 13, 16. Plaintiff's allegations of class numerosity state that "upon information and belief," there are "thousands of patients, dispersed throughout the United States, who received Treatment from Defendants," and "hundreds or thousands of patients from California, who received Treatment from Defendants." *Id.* ¶ 119. Plaintiff's allegations appear to rest solely on Defendants claim that "they 'successfully treated' 4,000 patients between 2011 and 2016." *Id.* Plaintiff does not provide any basis for the claim that there are thousands or hundreds of putative class members, either in California or in other states, or that the combined amount in controversy would meet the jurisdictional threshold.

Plaintiff's conclusory allegation that the amount in controversy exceeds $5,000,000 is insufficient, without supporting factual allegations, to establish that the amount in controversy requirements under CAFA has been met. *Ibarra v. Manheim Invs., Inc.*, 775

F.3d 1193, 1197 (9th Cir. 2015) (the proponent of federal jurisdiction "has the burden to put forward evidence showing that the amount in controversy exceeds $5 million, to satisfy the requirements of CAFA, and to persuade the court that the estimate of damages in controversy is a reasonable one."). A party seeking federal jurisdiction needs only to put forward a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold," if their allegation is not challenged by the opposing party or questioned by the court. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Furthermore, a party "is permitted to rely on 'a chain of reasoning that includes assumptions.'" *Arias v. Residence Inn*, 936 F.3d 920, 925 (9th Cir. 2019) (quoting *Ibarra*, 775 F.3d at 1199). However, "those assumptions cannot be pulled from thin air but need some reasonable ground underlying them." *Ibarra*, 775 F.3d at 1199. Because the Court has reservations about whether the amount in controversy meets the CAFA threshold, Plaintiff must support her allegation with evidence establishing the amount in controversy. *Dart Cherokee*, 574 U.S. at 89. *See also Petkevicius v. NBTY, Inc.*, No. 3:14-cv-02616-CAB-(RBB), 2017 WL 1113295, at *4 (S.D. Cal. Mar. 24, 2017) ("[S]imply stating that the amount in controversy exceeds $5,000,000, without any specific factual allegations as to the actual amount sought by the plaintiffs does not constitute a good faith allegation of the amount in controversy any more than an allegation that 'the parties are diverse' would be sufficient to establish the requisite diversity absent specific factual allegations of the citizenship of the parties.").

### B.     Minimal Diversity

Irrespective of whether the amount in controversy requirement can be met, the Court finds that Plaintiff has failed to allege that minimal diversity exists, as required by CAFA. *See* 28 U.S.C. § 1332(d)(2). Plaintiff asserts claims against two corporations: Giostar and Giostar Labs, and against four individuals: Anand Srivastava, Deven Patel, Siddharth Bhavsar, and Scott Kirkpatrick. Plaintiff alleges that: she is a resident of Orange County, Giostar is a California Corporation that is headquartered in California, Giostar Labs is a

California Corporation that is headquartered in California, and that defendants Srivastava, Patel, Bhavsar, and Kirkpatrick reside in California. ECF No. 15 at 6.

The diversity jurisdiction statute and the specific CAFA subsections require allegations of citizenship, not residency. 28 U.S.C. § 1332(a), (d)(2). For individuals, a person must be a citizen of the United States, and their citizenship is determined by their state of domicile rather than residence. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* (citation omitted). On the other hand, a corporation has dual citizenship in the state of incorporation as well as the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

Plaintiff's complaint fails to allege her own citizenship and fails to properly allege the citizenship of defendants because she only alleges the residence of the individual defendants and does not allege both the principal place of business and state of incorporation of the two corporate defendants. Assuming, arguendo, that Plaintiff and the Defendants are citizens of California, the minimal diversity requirement of CAFA would not be met. As noted above, Plaintiff's complaint seeks to certify a nationwide class of plaintiffs who are "citizens of the United States" [ECF No. 15 ¶ 115], numbering in the thousands, ECF *Id.* ¶ 119. However, a conclusory and prospective allegation that at least one unknown member of a nationwide class will result in minimal diversity is not sufficient to satisfy the pleading requirements for CAFA jurisdiction. *Valdez v. Asset Acceptance, LLC*, No. 12-cv-1735-L(JMA), 2012 WL 2905715, at *2 (S.D. Cal. July 16, 2012). Because Plaintiff has not properly alleged the citizenship of any named party, she has not alleged minimal diversity as required for subject matter jurisdiction under CAFA. Therefore, the FAC must be dismissed.

### C.  CAFA Jurisdictional Exceptions

The Court also has concerns about whether it must decline to assert jurisdiction pursuant to the exceptions articulated in CAFA. Plaintiff has not made any more specific allegations regarding the California and nationwide class members than the allegations

regarding numerosity and citizenship as noted above. Based on the allegations present in the FAC, the Court is unable to determine whether it must abstain from exercising jurisdiction under CAFA.

CAFA provides for both discretionary and mandatory abstentions to the Court's jurisdiction. More specifically, "§ 1332(d)(3) describes situations where district courts *may* 'decline to exercise jurisdiction' 'in the interests of justice and looking at the totality of the circumstances,' and § 1332(d)(4) sets out two circumstances that *require* district courts to decline jurisdiction, the so-called 'local controversy' and 'home-state controversy' exceptions." *Serrano*, 478 F.3d at 1022. Under the local controversy exception, the Court must decline to exercise jurisdiction under CAFA if:

1. greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
2. at least one defendant is a defendant from whom significant relief is sought by members of the plaintiff class, whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class, and who is a citizen of the State in which the action was originally filed;
3. the principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
4. during the three-year period preceding the filing of the class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or same persons.

28 U.S.C. § 1332(d)(4)(A). Under the home-state controversy exception, the Court must decline to exercise jurisdiction under CAFA if:

1. two-thirds or more of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed; and
2. the primary defendants are citizens of the State in which the action was originally filed.

28 U.S.C. § 1332(d)(4)(B).

On the face of the FAC, it appears possible that Plaintiff and all Defendants may be citizens of California, where this action was filed. However, given that Plaintiff has not properly alleged the citizenship of any named party, the Court is unable to determine whether CAFA's mandatory exceptions would apply. If Plaintiff amends her complaint following this Order, her renewed allegations should also address whether the local controversy or home-state controversy exceptions would apply.

### D. Common Law Claims

Recognizing that the issues of diversity, amount in controversy, and the applicability of CAFA's jurisdictional exceptions may be intertwined with Plaintiff's claims on behalf of the putative nationwide class, the Court also notes that Plaintiff's fourth through ninth causes of action allege claims for "breach of express warranty," "quasi-contract," "breach of fiduciary duty," "fraudulent concealment," "intentional misrepresentation," and "negligent misrepresentation," on behalf of herself and all members of the proposed nationwide class and California subclass, without citation to law. *See* ECF No. 15 at 33-40. Plaintiff's failure to identify which state laws govern the claims brought on behalf of the putative nationwide class means that the Court cannot determine whether those claims have been adequately pled. *Augustine v. Talking Rain Bev. Co.*, 386 F. Supp. 3d 1317, 1333 (S.D. Cal. 2019). "Even if the basic elements of the [common law claims] are unlikely to differ much from state to state, 'there may be (and likely are) differences from state to state regarding issues such as [sic] applicable statute of limitations and various equitable defenses.'" *Id.* (quoting *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 781 F. Supp. 2d 955, 966 (N.D. Cal. 2011)). Therefore, any amended complaint should assert the applicable state law(s).

Relatedly, the absence of specific state law claims for a putative nationwide class implicates issues of Article III standing, because "[i]n the absence of a named Plaintiff who has purchased a product within the relevant state—even if there are sufficient allegations of injury under other States' or federal law—there can be no determination that an interest was harmed that was <u>legally protected under the relevant state's laws</u>." *In re Packaged*

*Seafood Prods. Antitrust Litig.*, 242 F. Supp. 3d 1033, 1095 (S.D. Cal. 2017); *see also Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982) (noting that examining the propriety of class representation based on the pleadings may be appropriate); *Carpenter v. PetSmart, Inc.*, 441 F. Supp. 3d 1028, 1039 (S.D. Cal. 2020) (finding that a California plaintiff seeking to represent a nationwide class did not have standing to assert claims under any other states' laws; addressing standing prior to class certification). Accordingly, any claims set forth in an amended complaint should include jurisdictional allegations that do more than permit the Court to infer the mere possibility of jurisdiction.

### IV.   CONCLUSION

Accordingly, the FAC [ECF No. 15] is **DISMISSED WITHOUT PREJUDICE**. Pursuant to 28 U.S.C. § 1653, Plaintiff is granted leave to file an amended complaint to cure the deficiencies identified by this Order. If Plaintiff chooses to file an amended complaint, she must do so no later than **August 29, 2022**. Any amended complaint must make a plausible showing that CAFA's jurisdictional thresholds for minimal diversity and amount in controversy have been met and must permit the Court to assess whether CAFA's mandatory exceptions apply. Failure to file an amended complaint will result in a final order dismissing this civil action either for want of subject matter jurisdiction or for failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

Defendants' motion to dismiss [ECF No. 16] is **DENIED WITHOUT PREJUDICE** as moot.

**IT IS SO ORDERED**.

Dated:  July 29, 2022

Honorable Linda Lopez
United States District Judge